<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000805
02-JUN-2026
07:58 AM
Dkt. 55 SO**</span>

NO. CAAP-24-0000805

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRESCENT CUSTOM HOMES MAUI LLC,
a Hawaiʻi limited liability company, Lienor-Appellant,
v.
LARRY L. LAWRENCE and TERRY G. LAWRENCE, as Trustees of
The Larry L. Lawrence and Terry G. Lawrence 2004 Revocable Trust;
FIVE STAR BANK, Respondents-Appellees,
and DOES 1-10, Respondents

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CML-23-0000002)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

This is an appeal from the dismissal of **Crescent** Custom Homes Maui LLC's mechanic's lien application affecting property owned by Larry M. Lawrence and Teri G. Lawrence.[1] Crescent appeals from the *Final Judgment* entered by the Circuit Court of the Second Circuit.[2] The Lawrences challenge jurisdiction. We affirm the Final Judgment.

Crescent contracted to build a custom single-family home for the Lawrences on a cost-plus-percentage basis. The Lawrences allegedly defaulted on paying Crescent $242,804.19 "for labor and materials furnished by" Crescent.

Crescent applied for a mechanic's lien on the Lawrences' property under Hawaii Revised Statutes Chapter 507.

---

[1] The mechanic's lien application's caption misidentified the Lawrences. They did not move to amend the caption, but they refer to themselves as Larry M. Lawrence and Teri G. Lawrence in the documents they filed in circuit court and on appeal.

[2] The Honorable Michelle L. Drewyer presided.

The Lawrences moved to dismiss.  The circuit court granted the motion.  Crescent appealed.  The circuit court entered the Final Judgment after two temporary remands.

The Lawrences make the same jurisdictional arguments made by the Causeys in <u>Crescent Custom Homes Maui LLC v. Causey</u>, ___ Hawaiʻi ___, ___ P.3d ___ (App. 2026).  We have jurisdiction over this appeal because the dismissal order ended the mechanic's lien proceeding, leaving nothing further to be accomplished, and was appealable once the circuit court entered the separate judgment required under Hawaiʻi Rules of Civil Procedure Rule 58. <u>Causey</u>, ___ Hawaiʻi at ___, ___ P.3d at ___.

Crescent's notice of appeal was timely.  The dismissal order was entered on June 7, 2024.  Crescent's notice of appeal was filed on November 27, 2024, before entry of a final judgment. The premature notice of appeal was deemed filed when the Final Judgment was entered on April 30, 2026, on the second temporary remand.  Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

Crescent argues the circuit court erred by granting the Lawrences' motion to dismiss.  It makes the same arguments it made in <u>Causey</u>.  Its contract with the Lawrences contained the same "Use of Subcontractors" provision in its contract with the Causeys (Teri Lawrence did not sign the acknowledgment).  The subcontractor provision did not comply with Hawaii Administrative Rules § 16-77-80(a)(5) (2004).  Thus, as a matter of law, the contract was void and unenforceable.  <u>Causey</u>, ___ Hawaiʻi at ___, ___ P.3d at ___ (citing <u>808 Development, LLC v. Murakami</u>, 111 Hawaiʻi 349, 141 P.3d 996 (2006)).

The circuit court did not err by granting the Lawrences' motion to dismiss.  The April 30, 2026 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 2, 2026.

On the briefs:

Anna H. Oshiro,
Kira-Nariese K. Brown,
Jack R. Naiditch,
for Lienor-Appellant.

Scott I. Batterman,
for Respondents-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge